UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA
- FORT LAUDERDALE DIVISION -

THOR HOLM HANSEN
    PLAINTIFF

V.

WILLIAM J. PATRICK
    DEFENDANT

CASE NO: 00-6086-CIV-MIDDLEBROOKS

OBJECTIONS TO RECOMMENDATION BY U.S. MAGISTRATE TO DISMISS THE INSTANT ACTION.

  **COMES NOW the Plaintiff, THOR HOLM HANSEN, Pro Se,** and begs the Court to over-rule the Magistrate' recommendation that the Instant Action be dismissed as Moot, or alternately Denied.

**FACTS OF THE CASE:**

  Upon arrival to FCI Allenwood in Pennsylvania in April of 1998, the Plaintiff became aware that the Unit Team at the institution had scored his Offense Behavior on the internal Custody Classification to be of "Greatest Severity", and based this evaluation upon the highly contested Incident Description found in his PSI Report.

  Being told that this was only the Initial Team evaluation, with an opportunity to develop documentation that would contradict this information in time for the next Team Meeting 6 months later, the Plaintiff received supporting information from the Federal Public Defender who represented him at sentencing which consisted of interview reports conducted by an investigator with the Public Defenders Office with 2 U.S. government agents, which when put together, gave an entirely different view of his Offense Behavior, yet the staff refused to acknowledge the great disparity found in these opposing documents, at 2 consecutive Team Meetings, provoking the Plaintiff to file for

administrative remedy, first with the Warden, followed by a BP-10, and a BP-11 National Appeal, neither of which recognized the disparity in the conflicting reports by U.S. government officers, which then forced the Plaintiff to seek relief through the Instant civil action to bring all of the facts into the record for a proper evaluation.

The recommendation issued to this Court by U.S. Magistrate Sorrentino states that "a prisoner has neither a liberty interest nor a property interest in his security classification", and cites a number of prior court rulings which would support this view, failing to recognize that the Plaintiff is not so much contesting the right of the B.O.P. to determine security classifications, but rather is hoping to correct the faulty premise upon which their determinations are founded, where the Court in **SELLERS V. B.O.P., 959 F.2d 307 (DC-1992)** held that:

> **"If an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages".**

In the Instant case, the Plaintiff is not in the first instance seeking monetary compensation, but rather is hoping that the Court will find merit to order an evidentiary hearing where testimony by U.S. government agents who have already made the facts known through interviews, could provide sworn testimony for the record which would serve to contradict the fantastic rendition of his Offense Behavior offered by the government through the PSI Report.

Although the B.O.P. has now adjusted the Plaintiff's Custody Score following the launching of this action, provoking the Magistrate to declare the issue as Moot, the faulty foundation upon which the B.O.P. based its original finding is still in place, permitting them to make upward adjustments at any time, depending upon staff discretion.

In other words, the faulty premise upon which the initial evaluation was conducted is still in place, exposing the Plaintiff to the whims of any B.O.P. staff member to raise or lower his Custody at any time using his "discretion", which has also caused the Plaintiff undue hardship on the Parole Commission determination of his projected release date, where the use of this faulty and highly inflammatory offense description caused it to extend his projected release for an additional 24 months beyond his eligibility date, for a total of 84 months until parole, over-ruling even their own Examiner who recommended parole after serving the normal 1/3, or 60 months of his sentence, common to Old Law sentences which applies to the Plaintiff.

In as much as the Plaintiff has an Interim Parole hearing coming up in a couple of weeks, where neither the institution Unit Team nor the Parole Commission has made any effort to either confirm or dispute the contradicting government reports, it would appear that unless the Parole Commission or the institution staff apply the same criteria which caused them to lower the Plaintiff's Offense Behavior Score to Low-Med, the lowest score possible, and extend this evaluation to also apply with the Parole Commission at the upcoming hearing, the Plaintiff would have clear grounds for a SELLER's action for monetary compensation for the improper extension of time he must spend in prison before release, unless this Court finds that there is sufficient merit to warrant an evidentiary hearing in order that all of the evidence becomes part of the record, which would permit both the B.O.P. and the Parole Commission to base their findings upon the true facts of the case, rather than unrealistic and fanciful renditions found in the Plaintiff's PSI Reports.

**Wherefore the Plaintiff** begs that this Court overrule the recommendation proferred by the U.S. Magistrate to dismiss, and instead order that an evidentiary hearing be held where testimony may be recorded that would give both the B.O.P. and U.S. agencies an accurate foundation upon which to base their evaluations as regards the Plaintiff, to promote justice and fair and equitable treatment under the Constitution of the United States of America.

**RESPECTFULLY SUBMITTED:**

DATE: 8/14 - 2000

THOR HOLM HANSEN, PRO SE

### CERTIFICATE OF SERVICE

This will Certify that a True Copy of the foregoing has been mailed on August 14, 2000, to:

ASSISTANT U.S. ATTORNEY

ROGER W. POWELL
500 EAST BROWARD BLVD.
FT. LAUDERDALE, FL 33394

THOR HOLM HANSEN